UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CANAM STEEL CORPORATION,

        Plaintiff,

   v.

JOHN MAYO, et al.,

        Defendant.

NO. 2:09-cv-00672-MCE-KJM

MEMORANDUM AND ORDER

Plaintiff Canam Steel ("Plaintiff") initiated this action against Defendants John Mayo ("Mayo"), Cadela Steel, Inc. ("Cadela"), JD2, Inc. ("JD2"), and The Spectrus Group, Inc. ("Spectrus"). Subsequently, JD2 filed a Cross-Complaint against Plaintiff for breach of fiduciary duty. Presently before the Court is Plaintiff's Motion to Dismiss that Cross-Complaint. For the following reasons, Plaintiff's motion to dismiss is granted.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

## BACKGROUND[2]

In 1993, Mayo formed JD2, a closely-held corporation, to compete in the steel manufacturing and construction industry. In January of 2002, Mayo approached Plaintiff, a supplier of steel products, regarding investing in JD2. Mayo made certain financial and informational disclosures to Plaintiff, and the parties entered into two written agreements, a Stock Purchase Agreement and an Incorporated Stockholders Agreement ("Stockholders Agreement").

Pursuant to these agreements, and in reliance on further disclosures of financial and other information, Plaintiff invested a total of $2.85 million in JD2, becoming holder of twenty-five percent of the outstanding shares of JD2 common stock, which, as of December 2007, was worth approximately $10 million. Mayo owns the remaining seventy-five percent of the outstanding common stock shares.

Pursuant to the Stockholders Agreement, the JD2 shareholders elected one director to the Board and Mayo appointed the remaining directors. Plaintiff appointed Sam Blatchford ("Blatchford") to the board of directors in early 2002, and he has served continuously in that position since then.

Mayo subsequently formed Spectrus to pursue business opportunities concerning certain proprietary technology. Spectrus eventually became a wholly-owned subsidiary of JD2.

///

---

[2] The following facts are derived from Plaintiff's First Amended Complaint ("FAC") and Defendants' Cross-Complaint.

1    From the time the Directors were first elected to the Board, until December of 2007, the Board held only one meeting, in approximately February 2005.  According to Plaintiff, after that meeting, to the exclusion of Plaintiff, Mayo alone began to control the corporation.  Moreover, Plaintiff alleges that Mayo failed to adhere to corporate formalities by, for example, failing to convene an annual shareholders' meeting.  Mayo also allegedly failed to conduct JD2's business and financial affairs with the requisite transparency.

   Plaintiff further alleges that Mayo breached contractual obligations to Plaintiff by: 1) failing to call meetings of the Board and instead directing all financial and business matters independently; 2) failing to call any shareholders' meetings and making decisions pertaining to compensation and dividends without shareholder input; 3) failing to prepare and obtain approval of annual budgets; 4) failing to obtain unanimous written consent of shareholders despite contractual requirements; and 5) failing to provide audited financial statements.

   Plaintiff also contends that Mayo engaged in "gross mismanagement and self-dealing" by: 1) paying himself and other officers excessive compensation; 2) improperly sharing equipment, office space, and personnel with, as well as improperly loaning funds to, Cadela, a recently formed business that Mayo established as a steel fabrication concern; 3) improperly leasing property from an entity owned in equal shares by Mayo and another JD2 officer; 4) arranging to loan funds from JD2 to himself for the purchase of vacation property; and 5) using JD2 funds for personal items and expenses, such as the purchase of two vehicles.

3

1    In response, JD2 contends that Plaintiff's appointed
2 director on the Board, Blatchford, failed to present steel
3 project opportunities to JD2 and instead took those opportunities
4 for Plaintiff.  JD2 further alleges that when it learned
5 Blatchford was taking steel project opportunities for Plaintiff,
6 Blatchford apologized and promised JD2 would be offered all
7 projects in and around California before Plaintiff would take any
8 of those opportunities for itself.
9    On March 11, 2009, Plaintiff filed an action asserting
10 Breach of the Stock Purchase Agreement, Breach of Fiduciary Duty,
11 and requesting establishment of a Constructive or Resulting
12 Trust, an Accounting, and Equitable Relief for Shareholder
13 Oppression.
14    On June 15, 2009, JD2 filed a Cross-Complaint for damages
15 asserting Breach of Fiduciary Duty.  Plaintiff has now moved to
16 dismiss Defendants' Cross-Complaint.

## STANDARD

20   On a motion to dismiss for failure to state a claim under
21 Rule 12(b)(6), all allegations of material fact must be accepted
22 as true and construed in the light most favorable to the
23 nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336,
24 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and
25 plain statement of the claim showing that the pleader is entitled
26 to relief" in order to "give the defendant fair notice of what
27 the...claim is and the grounds upon which it rests."
28 ///

1  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting
2  Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While a complaint
3  attacked by a Rule 12(b)(6) motion to dismiss does not need
4  detailed factual allegations, a plaintiff's obligation to provide
5  the "grounds" of his "entitlement to relief" requires more than
6  labels and conclusions, and a formulaic recitation of the
7  elements of a cause of action will not do.  Id. at 555-556
8  (internal citations and quotations omitted).  Factual allegations
9  must be enough to raise a right to relief above the speculative
10 level.  Id. at 555 (citing 5 C. Wright & A. Miller, Federal
11 Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The
12 pleading must contain something more...than...a statement of
13 facts that merely creates a suspicion [of] a legally cognizable
14 right of action")).
15    A court granting a motion to dismiss a complaint must then
16 decide whether to grant leave to amend.  A court should "freely
17 give" leave to amend when there is no "undue delay, bad faith[,]
18 dilatory motive on the part of the movant,...undue prejudice to
19 the opposing party by virtue of...the amendment, [or] futility of
20 the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371
21 U.S. 178, 182 (1962).  Generally, leave to amend is denied only
22 when it is clear the deficiencies of the complaint cannot be
23 cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957
24 F.2d 655, 658 (9th Cir. 1992).
25 ///
26 ///
27 ///
28 ///

5

## ANALYSIS

A corporate director may not seize for his own purposes those business opportunities in the line of the company's activities and in which the company has an interest. <u>Industrial Indem. Co. v. Golden State Co.</u>, 117 Cal. App. 2d 519, 533 (1st Dist. 1953). Indeed, it is a breach of a director's fiduciary duty to fail to present such opportunities to the corporation. <u>Id</u>.

Plaintiff contends that JD2's Cross-Complaint fails to give Plaintiff fair notice of its claim because JD2 does not define "steel project opportunities" or name any such specific "steel project opportunity." JD2 counters that it is only generally aware that Plaintiff, through Blatchford, took projects that should have been offered to JD2. However, JD2's argument does not provide sufficient facts to indicate any speculative opportunities were even in line with JD2's activities.

Furthermore, Defendants' allegation that Plaintiff improperly seized any project in and around California is too broad and does not provide an adequate basis for relief. Thus, JD2's Cross-Complaint lacks specificity and does not give Plaintiff fair notice of the grounds upon which the Cross-Complaint rests.

JD2 also claims that it learned of projects improperly directed to Plaintiff by Blatchford, fails to provide even approximate dates of the occurrence of Plaintiff's alleged breaches of its duties.

///

Even a general time frame would bolster the strength of the Complaint and allow for preliminary evaluation of any potential statute of limitations issues.

In sum, JD2's Cross-Complaint lacks the necessary specificity to give Plaintiff fair notice of its claim and the grounds upon which it rests.  The facts alleged in the complaint are vague and fail to show that the alleged acts occurred within the statute of limitations.  Accordingly, Plaintiff's Motion to Dismiss is granted with leave to amend.

**CONCLUSION**

For the reasons just stated, Plaintiff's Motion to Dismiss is GRANTED with leave to amend.  Defendant may (but is not required to) file an amended cross-complaint, not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  Nevertheless, if no amended cross-complaint is filed within said twenty (20)-day period, without further notice, those causes of action dismissed by virtue of this Order will be deemed to have been dismissed with prejudice.

IT IS SO ORDERED.

Dated: August 27, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7