1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  CANAM STEEL CORPORATION,          NO. 2:09-cv-00672-MCE-KJM

12           Plaintiff,

13       v.                          MEMORANDUM AND ORDER

14  JOHN MAYO, et al.,

15           Defendants.

16                       ----oo0oo----

17       Plaintiff Canam Steel ("Plaintiff") initiated this action

18  against Defendants John Mayo ("Mayo"), Cadela Steel, Inc.

19  ("Cadela"), JD2, Inc. ("JD2"), and The Spectrus Group, Inc.

20  ("Spectrus").  Plaintiff seeks relief both directly on its own

21  behalf and derivatively on behalf of JD2.  Presently before the

22  Court is Defendants' Motion for Partial Judgment on the Pleadings

23  with respect to Plaintiff's fourth and sixth direct claims.  For

24  the following reasons, Defendants' Motion is granted.[1]

25  ///

26

_____

27       [1] Because oral argument will not be of material assistance,
the Court ordered this matter submitted on the briefing.  E.D.
28  Cal. Local Rule 78-230(h).

                            1

**BACKGROUND**[2]

In 1993, Mayo formed JD2, a closely-held corporation, to compete in the steel manufacturing and construction industry. In January of 2002, Mayo approached Plaintiff, a supplier of steel products, regarding investing in JD2. Mayo made certain financial and informational disclosures to Plaintiff, and the parties entered into two written agreements, a Stock Purchase Agreement and an Incorporated Stockholders Agreement ("Stockholders Agreement").

Pursuant to these agreements, and in reliance on further disclosures of financial and other information, Plaintiff invested a total of $2.85 million in JD2, becoming holder of twenty-five percent of the outstanding shares of JD2 common stock, which, as of December 2007, was worth approximately $10 million. Mayo owns the remaining seventy-five percent of the outstanding common stock shares.

Pursuant to the Stockholders Agreement, the JD2 shareholders elected one director to the Board and Mayo appointed the remaining directors.

Mayo subsequently formed Spectrus to pursue business opportunities concerning certain proprietary technology. Spectrus eventually became a wholly-owned subsidiary of JD2.

///

///

///

---

[2] The following facts are derived from Plaintiff's First Amended Complaint ("FAC").

1    From the time the Directors were first elected to the Board,
2    until December of 2007, the Board held only one meeting, in
3    approximately February 2005.  According to Plaintiff, after that
4    meeting, to the exclusion of Plaintiff, Mayo alone began to
5    control the corporation.  Moreover, Plaintiff alleges that Mayo
6    failed to adhere to corporate formalities by, for example,
7    failing to convene an annual shareholders' meeting.  Mayo also
8    allegedly failed to conduct JD2's business and financial affairs
9    with the requisite transparency.

10    Plaintiff further alleges that Mayo breached contractual
11   obligations to Plaintiff by: 1) failing to call meetings of the
12   Board and instead directing all financial and business matters
13   independently; 2) failing to call any shareholders' meetings and
14   making decisions pertaining to compensation and dividends without
15   shareholder input; 3) failing to prepare and obtain approval of
16   annual budgets; 4) failing to obtain unanimous written consent of
17   shareholders despite contractual requirements; and 5) failing to
18   provide audited financial statements.

19    Plaintiff also contends that Mayo engaged in "gross
20   mismanagement and self-dealing" by: 1) paying himself and other
21   officers excessive compensation; 2) improperly sharing equipment,
22   office space, and personnel with, as well as improperly loaning
23   funds to, Cadela, a recently formed business that Mayo established
24   as a steel fabrication concern; 3) improperly leasing property
25   from an entity owned in equal shares by Mayo and another JD2
26   officer; 4) arranging to loan funds from JD2 to himself for the
27   purchase of vacation property; and 5) using JD2 funds for personal
28   items and expenses, such as the purchase of two vehicles.

1    Finally, Plaintiff alleges that by, *inter alia*, failing to
2    obtain letters of credit, guarantees, and other security, JD2 so
3    mismanaged its involvement in one project that it is now owed
4    approximately $4.3 million in uncollectible accounts receivables.

5        Accordingly, on March 11, 2009, Plaintiff filed the instant
6    action asserting Breach of the Stock Purchase Agreement, Breach
7    of Fiduciary Duty, and requesting establishment of a Constructive
8    or Resulting Trust, an Accounting, and Equitable Relief for
9    Shareholder Oppression.

10       On May 26, 2009 the Court ruled on Defendants' Motions to
11   Dismiss Plaintiff's third through sixth causes of action.  The
12   Court granted the Defendants' Motions to Dismiss the third,
13   fourth, and fifth claims with leave to amend.  On June 10, 2009,
14   Plaintiff filed its FAC alleging both derivative and direct
15   claims.  Plaintiff's third and fifth claims are derivative and
16   based on debts to JD2, while Plaintiff contends that the fourth
17   and sixth direct claims are based upon debts and harm suffered by
18   Plaintiff and improper withholding of their property.  Defendants
19   now move for partial judgment on the pleadings to dismiss
20   Plaintiff's fourth and sixth causes of action.

21

22                            **STANDARD**

23

24       A motion for judgment on the pleadings pursuant to Rule
25   12(c) challenges the legal sufficiency of the opposing party's
26   pleadings.  <u>Westlands Water Dist. v. Bureau of Reclamation</u>, 805
27   F. Supp. 1503, 1506 (E.D. Cal. 1992).
28   ///

                                 4

1  Any party may move for judgment on the pleadings after the

2  pleadings are closed but within such time as to not delay trial.

3  Fed. R. Civ. P. 12(c).

4      The standard for evaluating a motion for judgment on the

5  pleadings is essentially the same as the standard applied to a

6  Rule 12(b)(6) motion.  Dworkin v. Hustler Magazine, Inc., 867

7  F.2d 1188, 1192 (9th Cir. 1989).  A motion for judgment on the

8  pleadings should only be granted if, accepting as true all

9  material allegations contained in the nonmoving party's

10  pleadings, the moving party "'clearly establishes that no

11  material issue of fact remains to be resolved and that he [or

12  she] is entitled to judgment as a matter of law.'"  Doleman v.

13  Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)

14  (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice

15  and Procedure § 1368 (1969)); Hal Roach Studios, Inc. v. Richard

16  Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

17      Judgment on the pleadings is also proper when there is

18  either a "lack of cognizable legal theory" or the "absence of

19  sufficient facts alleged under a cognizable legal theory."

20  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.

21  1988) (in the context of a Rule 12(b)(6) motion).

22      Courts have discretion to grant leave to amend in

23  conjunction with motions made pursuant to Rule 12(c).  Moran v.

24  Peralta Cmty. Coll. Dist., 825 F. Supp. 891, 893 (N.D. Cal. 1993)

25  (citing Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th

26  Cir. 1979).

27  ///

28  ///

Generally, leave to amend a complaint is denied only if it is clear that the deficiencies of the complaint can not be cured by amendment. <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

A direct action lies only if damages incurred by the shareholder were not incidental to the damages to the corporation. <u>Schuster v. Gardner</u>, 127 Cal. App. 4th 305, 313 (2005). Plaintiff claims that <u>Shuster</u> is inapplicable here because Plaintiff does not claim a loss in the value of its stock holdings. Rather, Plaintiff alleges that Mayo used Spectrus to keep money and other property which belongs to Plaintiff. FAC, 8:5-8. Nevertheless, it remains unclear whether the property to which Plaintiff refers is in actuality property in which Plaintiff has an interest only as a shareholder. Indeed, Plaintiff has not alleged any factual distinction between its own property and that of the corporation.

Accordingly, because Plaintiff has not pled sufficient facts indicating Defendants obtained money or other property belonging solely to Plaintiff and unrelated to the value of their stock (i.e. JD2 corporate assets and net worth), Defendants' Motion for Partial Judgment on Plaintiff's fourth and sixth direct claims is granted with leave to amend.

///

///

///

**CONCLUSION**

    For the reasons just stated, Plaintiff's Motion to Dismiss
is GRANTED with leave to amend.  Plaintiff may (but is not
required to) file an amended complaint, not later than twenty
(20) days after the date this Memorandum and Order is filed
electronically.  Nevertheless, if no amended complaint is filed
within said twenty (20)-day period, without further notice, those
causes of action dismissed by virtue of this Order will be deemed
to have been dismissed with prejudice.

    IT IS SO ORDERED.

Dated: August 27, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

7